IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EARNEST STEPHENS, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | NO. 1:10 – CV – 1026 CAP |
| | ) | |
| FULTON COUNTY, GEORGIA, and | ) | COMPLAINT FOR |
| SGT. HUMPHREY, a female, as an | ) | DAMAGES |
|  Individual, | ) | |
| | ) | Jury Trial Demanded |
|      Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### Introduction

1.    This is Plaintiff's First Amended Complaint, filed with the express

written consent of Defendant, in order to properly name party defendant as "Fulton

County, Georgia." This is an action in equity and for monetary damages brought

pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Sixth, Eighth, and

Fourteenth Amendments to the United States Constitution, and under Georgia law

against Fulton County Sheriff's Office and Sergeant Humphrey, a female jailer

with the county, in her individual capacity.  Jurisdiction is based upon 28 U.S.C.

§§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under State law.

2.      Defendant Fulton County arrested Plaintiff as a material witness to a crime, interviewed him, and then locked him in jail from October 13, 2009 until November 19, 2009, despite the fact that the suspect in the case pled guilty on or around October 26, 2009.  Plaintiff was never considered a suspect, was never charged with any crime, and was integrated into general population where he genuinely feared for his life.  Plaintiff was not given the right to an attorney, was deprived of his liberty without due process of law, and was denied a GPS-monitored ankle bracelet, which is more economical and less restrictive.  Holding an innocent person in jail and integrating him into general population is cruel and unusual punishment given today's technological alternatives.  Plaintiff made two (2) direct appeals to Sergeant Humphrey, who turned a deaf ear and tore up his request to be released.  Plaintiff lost his job, his car, and is now homeless as a result of Defendants' actions.

**Parties**

3.      Plaintiff Earnest Stephens was at all material times a resident of Fulton County, Georgia, and of full age.

4.     Defendant Humphrey was at all times relevant to this Complaint a duly appointed and acting officer of the Fulton County Sheriff's Office, acting under color of law, to wit, under color of the statutes, regulations, policies, customs, and usages of the State of Georgia and County of Fulton.  Fulton County is the public employer of Defendant Humphrey.

**Facts**

5.     On or about October 13, 2009, Plaintiff, a 50 year black male, was arrested as a material witness to a homicide.  The Order for the Arrest is attached hereto and labeled as "Exhibit A."

6.     Plaintiff was brought to the Fulton County D.A.'s office and was interviewed about the crime by Investigator Carawan.

7.     Because Plaintiff was financially unable to post bond, Plaintiff was locked up as a State witness in the Fulton County jail pending the trial of the matter.

8.     Plaintiff was dressed out, shackled, cuffed, and integrated into general population where he feared for his life every second of every day for thirty-seven (37) days.

9.     Plaintiff was never provided with an attorney and the deprivation of this right contributed to the length of his incarceration.

10.    Plaintiff was never provided with protective custody.

11.    Plaintiff was never given the opportunity to be deposed and released.

12.    Plaintiff was never compensated for the time he was incarcerated as a State witness.

13.    Plaintiff was never given the opportunity to be released wearing a GPS-monitored ankle bracelet, although criminal suspects, even ones accused of murder, have been given that opportunity numerous times.

14.    The approximate cost to have had Plaintiff released on a GPS-monitored ankle bracelet and monitor him was approximately $10-$12 per day; the cost to keep him incarcerated was approximately $55 per day.

15.    A GPS-monitored ankle bracelet is less restrictive than jail.

16.    Keeping Plaintiff locked up in jail is cruel and unusual punishment given today's technological alternatives, which continue to serve the State's interest.

17.    Plaintiff was deprived of his liberty without due process of law.

18.    Plaintiff complained to Sgt. Humphrey that he was being held in violation of law on or around October 10 and Sgt. Humphrey turned a deaf ear.

19.    On or about October 15, Plaintiff wrote a letter to records to have them contact the DA and handed that letter to Sgt. Humphrey.  Sgt. Humphrey tore up the letter in Plaintiff's presence and again refused to do anything.

20.    Plaintiff was finally released from jail on November 19, nearly three (3) weeks after the suspect he was to testify against had already pled guilty and over five (5) weeks after giving Investigator Carawan his statement.

21.    Plaintiff lost his job, his car, and is now homeless.

22.    Plaintiff missed his brother's funeral as a result of his incarceration.

23.    As a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

> a. Violation of his Constitutional Rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of his person; and,
>
> b. Violation of his Constitutional Rights under the Sixth Amendment right to counsel; and,
>
> c. Violation of his Constitutional Rights under the Eighth Amendment to be free from cruel and unusual punishment; and,

d. Violation of his Constitutional Rights under the Fourteenth Amendment to not be deprived of his liberty without due process of law; and,

e. Loss of his physical liberty; and,

f. Emotional pain and suffering.

24.    The actions of Defendant violated the following clearly established and well-settled Federal Constitutional Rights of Plaintiff:

a. Freedom from the unreasonable seizure of his person under the Fourth Amendment of the United States Constitution.

b. Freedom from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

c. The right to be assisted by counsel when deprived of the fundamental right of liberty under the Sixth Amendment to the United States Constitution.

d. The right to be free under the Fourteenth Amendment of the United States Constitution.

25.    Plaintiff has complied with all preconditions to filing suit.  Plaintiff served Fulton County with an ante litem notice on or about January 25, 2010 and

Fulton County never responded.  A copy of the ante litem is attached hereto and labeled as "Exhibit B."

COUNT I

**42 U.S.C. § 1983 Against Defendant Humphrey**

26.   Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27.   Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant for violation of his constitutional rights under color of law.

COUNT II

**False Imprisonment**

28.   Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

29.   Plaintiff was unlawfully detained and deprived of his personal liberty in the county jail from date of his statement to the D.A.'s office on October 13, 2009 up to and including November 19, 2009 in violation of O.C.G.A. § 51-7-20.

COUNT III

**42 U.S.C. § 1983 Against Fulton County**

30.    Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31.    Prior to October 13, 2009, Fulton County, Georgia, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Fulton County, Georgia, which caused the violation of Plaintiff's rights.  This policy and custom includes but is not limited to the distribution of GPS-monitored ankle bracelets to those accused of crimes and denial of those same bracelets to those who are merely witnesses to crimes.

32.    It was the policy and/or custom of Fulton County to inadequately and improperly investigate citizen complaints of misconduct (keeping in mind that Plaintiff was a citizen and not a prisoner), and acts of misconduct were instead tolerated by Fulton County.

33.    It was the policy and/or custom of Fulton County to inadequately supervise and train its deputies/jailers, including Defendant Humphrey, thereby failing to adequately discourage further constitutional violations on the part of its jailers.  The County did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct.

34.    As a result of the above described policies and customs, Sheriff's deputies/jailers of Fulton County, Georgia, including the Defendant Sergeant,

believed that their actions, including but not limited to Defendant Humphrey's turning a deaf ear and tearing up citizen complaints, would not be properly monitored by supervisory officers and that misconduct would be not investigated or sanctioned, but would be tolerated.

35.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of Fulton County to the constitutional rights of persons within Fulton County, and were the cause of the violations of plaintiff's rights alleged herein.

36.     When incidents of false imprisonment are brought to the County's attention, the County does not:

      a.     Investigate the matter in an unbiased matter; and/or,

      b.     Report unfavorable evidence; and/or,

      c.     Include all testimony of non-police witnesses.

37.     The County further shields its deputies and hides misconduct in so much as it does not fully comply with the Georgia Open Records Act.  Despite today's technology (the ability to compress and zip files, virtually unlimited memory, flash drives, etc.), Fulton County Sheriff's Office purposely and maliciously erases jail video after a very limited time in order to avoid liability. Such actions are systematic and conducted in the normal course of business.

**WHEREFORE**, Plaintiff prays that he has a jury trial on all issues and prays for the following relief:

a. That Plaintiff recover for the deprivation of his civil rights and liberties in an amount to be determined by the enlightened conscience of a jury; and,

b. That Plaintiff recover for the physical and mental pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by the enlightened conscience of a jury; and,

c. That Plaintiff recover for the loss of business and wages in an amount to be determined by the enlightened conscience of a jury; and,

d. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury sufficient to prevent the actions set forth herein from occurring again; and,

e. That an Order issue from this Court declaring the arrest and incarceration of material witnesses unconstitutional under the Eighth Amendment given today's technological advances; and,

f. That an Order issue from this Court declaring the arrest and incarceration of material witnesses unconstitutional under the Sixth Amendment given that numerous States, including Georgia, do not provide for assistance of counsel; and,

g.  That an Order issue from this Court declaring the arrest and incarceration of material witnesses unconstitutional under the Fourteenth Amendment as it deprives individuals of their fundamental right to liberty when a less restrictive and more economical means exists to serve the State's interest; and,

h.  That the Court issue a permanent injunction enjoining Defendant and others similarly situated from incarcerating material witnesses; and,

i.  That Plaintiff recover attorneys fees and costs of litigation as allowed under 42 U.S.C. § 1988 and State law; and,

j.  That Plaintiff recover such other and further relief as is just and proper; and,

k.  That Plaintiff's demand that all issues be tried before a jury be granted.

Dated this 18th day of June 2010.

**/s/ Robert Douglas Ortman_____**
Bar Number: 554911
Attorney for Plaintiff
Robert Douglas Ortman
PO Box 724263
Atlanta, Georgia 31139-4263
Telephone: (770) 449-2080
Fax: (866) 764-9320
E-mail: robertortman123@gmail.com

# **CERTIFICATION**

I HEREBY CERTIFY that pursuant to LR 7.1D, the foregoing was prepared with

Times New Roman font, 14 point, as approved by this Court in LR 5.1B.

> **/S/ Robert D. Ortman**
> Robert D. Ortman
> Georgia Bar No. 554911
> Attorney for Plaintiff
> PO Box 724263
> Atlanta, GA 31139-4263
> Tel: (404) 512-2925
> Fax: (866) 764-9320
> Email: robertortman123@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing FIRST AMENDED COMPLAINT was electronically submitted to the Clerk of the Court using the CM/ECF system which will automatically send electronic mail notification to the following attorney(s) of record in this case:

Wanda Dallas, Esq.

Office of the County Attorney's Office

141 Pryor Street, S.W.

Suite 4038

Atlanta, Georgia 30303

This 18th day of June, 2010.

/S/ **Robert D. Ortman**
Robert D. Ortman
Georgia Bar No. 554911
Attorney for Plaintiff
PO Box 724263
Atlanta, GA 31139-4263
Tel: (404) 512-2925
Fax: (866) 764-9320
Email: robertortman123@gmail.com

FILE COPY

0933050



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | * | INDICTMENT NO.: 08SC66699 |
| | * | |
| | * | |
| v. | * | |
| | * | JUDGE GOGER |
| GEORGE LOCKETT | * | |
| ERIC ROBINSON | * | |

P-343200

25601

Murder

### ORDER FOR THE ARREST OF MATERIAL WITNESS

The Application by the State for the Arrest of a Material Witness having been read and

considered, it is therefore ordered that the person of Earnest Stephens B/M; DOB 3/26/59; SSN

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, be found and incarcerated as a Material Witness in the above styled case now

pending before this Court.

Further, upon the service of the Order, the jail shall immediately notify the undersigned

of its service and the witness' incarceration so that a hearing can be scheduled to consider the

matter of an appearance bond.

0809598

So ordered this 13th day of October, 2009.

_____
John J. Goger, Judge
Fulton County Superior Court

Presented by:

_____
Tanya F. Miller, ADA
Atlanta Judicial Circuit

ATLANTA JUDICIAL CIRCUIT
OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
PAUL L. HOWARD, JR.

FULTON COUNTY

**Steve Dimasi**
*Criminal Investigator*
Major Case

136 Pryor Street, SW
Third Floor
Atlanta, Georgia 30303

Phone: (404) 730-4903
Fax: (404) 302-0399
steven.dimasi@fultoncountyga.gov

EXHIBIT
A

14

# ROBERT DOUGLAS ORTMAN
## ATTORNEY AT LAW

Date: 1/25/2010

Fulton County
141 Pryor St.
Atlanta, GA 30303

Fulton County S.O.
185 Central Ave. SW
Atlanta, GA 30303-3519

Re: Earnest Stephans _____ — Ante Litem and Open Records Request

To Whom It May Concern:

Our office represents the above-named individual in his/her claim against the above-referenced departments/agencies. Please send all future correspondence to this office.

### Ante Litem

This Ante Litem Notice is sent pursuant to O.C.G.A. § 36-33-5, § 50-21-26, and any and all other applicable ante litem statutes.

Date of incident: 10/13/09 - 11/19   Approximate time of incident: Daytime

Place of incident: Fulton County Jail

Extent of injury/damages: Material witness held for unreasonable time

Cause of injury: improper conduct by County, State + employees thereof ; racial profiling/discrimination ; overbroad Statute

### Open Records Request

This Open Records Request is made pursuant to O.C.G.A. § 50-18-70, subject to the limited exceptions specifically listed in O.C.G.A. § 50-18-72. Please provide copies of the following within three (3) days:

1.  The **entire** police file concerning the above-referenced situation.
2.  All audio and video owned by the county or city that may have recorded the incident including, but not limited to, traffic and red light cameras.
4.  A copy of all insurance policies that may cover the incident.
5.  Other: N/A

We authorize charges up to thirty-five (35) dollars. If it is estimated that charges will exceed that amount, please contact us in writing for authorization before proceeding.

Sincerely yours,

Robert Ortman

EXHIBIT
B

P.O. BOX 724263 • Atlanta, GA 31139-4263 • 770.449.2080

15